**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHALVA MANGOSHVILI; et al., | No. 07-73217 |
| Petitioners, | Agency Nos. A096-021-882 |
| | A096-021-883 |
| v. | A096-021-885 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Shalva Mangoshvili and his family, natives and citizens of Georgia, petition

for review of the Board of Immigration Appeals' ("BIA") order dismissing their

appeal from an immigration judge's ("IJ") decision denying their application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Mangoshvili's contention that he received ineffective assistance of counsel before the IJ because he did not raise this claim to the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Substantial evidence supports the BIA's finding that Mangoshvili did not establish past persecution or a well-founded fear on account of a protected ground because he failed to demonstrate that the criminals who extorted money from him were motivated, even in part, by an actual or imputed political opinion.  *See Sangha v. INS*, 103 F.3d 1482, 1489-90 (9th Cir. 1997); *see also Sagaydak v. Gonzales*, 405 F.3d 1035, 1042 (9th Cir. 2005) (petitioners must show persecutors were motivated by a protected ground).  In addition, Mangoshvili failed to exhaust his claim based on membership in a particular social group.  *See Barron*, 358 F.3d at 678.  Accordingly, Mangoshvili's asylum claim fails.

Because Mangoshvili failed to establish eligibility for asylum, it necessarily follows that he failed to meet the more stringent standard for withholding of removal.  *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the BIA's denial of Mangoshvili's CAT claim

because he failed to show it is more likely than not he will be tortured if returned to

Georgia.  *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION DISMISSED in part; DENIED in part.**